UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSELLA CARE, Administrator of Nazzrena Care Estate, Holder,

                           Plaintiff,

                     -against-

NANCY AGOSTINO,

                         Defendant.

23-CV-4739 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and asserting that Defendant violated her rights in connection with her mother's death certificate. By order dated June 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

### STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff, who resides in New Rochelle, New York, brings this action against Nancy Dagostino, the former Director of Calvary Hospital. Plaintiff seeks money damages for alleged harms caused by Defendant placing her own name on Plaintiff's mother's death certificate.

The following information is taken from the complaint. On March 21, 2018, Plaintiff's mother, Nazzrena Care, died at her home. Although Defendant was not at the home, she "did wrongdoing by writing" her name on top of the death certificate. (ECF 1, at 5.)[1] Plaintiff asserts the following:

> I am suing this Director Nancy Dagostino and I'm suing this doctor because she wrote her name on top of [the death certificate] without being at my home in the laws it states that you have to be there to see the cause of death on top of a death certificate which the Director of Calvary Hospital shouldve never wrote on top of the death certificate because she was not a physician to write on top of a death certificate and the doctor that wrote on top of the death certificate shouldn't of wrote on there because she was not at my home to state the cause of death so this is why I'm suing both of them for making false statements on top of legal documents and stating false statements to, the government on top of legal document so I'm suing them for False Claims Act laws.

(*Id*.)[2] Plaintiff seeks money damages for alleged emotional distress and pain she suffered arising from Defendant placing her name on top of her mother's death certificate.

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

[2] Plaintiff refers to suing Dagostino and an unidentified doctor, but she only names Dagostino as a defendant in the complaint.

**DISCUSSION**

The subject-matter jurisdiction, or authority, of the federal district courts to hear cases is limited and is described generally in 28 U.S.C. §§ 1331 and 1332. Under 28 U.S.C. § 1331, a federal district court has "federal-question jurisdiction" only if the case involves a matter of federal constitutional or federal statutory law. Under 28 U.S.C. § 1332, a federal district court has "diversity-of-citizenship jurisdiction" to consider claims under state law only when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. In the federal system of limited jurisdiction, at any stage of the proceedings, the court "'may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Sq., Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)). In fact, if a court determines that it lacks subject-matter jurisdiction, it must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Plaintiff invokes the Court's federal question jurisdiction, and in response to the question on the complaint form as to which of her federal constitutional or statutory rights have been violated, she writes "Public Health and Welfare Act and False Claims Act." (ECF 1, at 2.) Plaintiff does not explain how Defendant's actions violated these laws and the Court cannot identify any provisions or these laws implicating a viable federal claim arising from her assertions. Because Plaintiff does not "establish[] either that federal law creates the cause of action or that [her] right to relief necessarily depends on resolution of a substantial question of federal law," the court does not have federal question jurisdiction of her claims. *Bay Shore Union*

3

*Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of any state law claims she may be asserting. Plaintiff and Defendant are not citizens of different states, and therefore the Court lacks diversity jurisdiction of any state law claims.

Because Plaintiff has failed to allege facts showing that the Court has either federal question or diversity of citizenship jurisdiction of this matter, the Court dismisses Plaintiff's complaint for lack of subject matter jurisdiction.[3] *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[3] Plaintiff previously filed an action in this court against Defendant Dagostino and others arising from her mother's medical care. On March 22, 2019, then Chief Judge Colleen McMahon dismissed that action for lack of subject matter jurisdiction. *See Care v. Vodenitcharova*, No. 18-CV-10707 (CM), Dkt. 7 (S.D.N.Y. Mar. 22, 2019), *appeal dismissed*, No. 19-890 (2d Cir. Sept. 5, 2019). As in this action, Plaintiff had not alleged facts demonstrating that the court had either federal question or diversity of citizenship jurisdiction of her claims.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   October 27, 2023
        New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge